UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THE TRAVELERS INDEMNITY COMPANY,

Plaintiff,

-against-

STATE NATIONAL INSURANCE COMPANY,

Defendant.

---

**MEMORANDUM AND ORDER**

23-cv-00496 (LDH) (TAM)

LaSHANN DeARCY HALL, United States District Judge:

The Travelers Indemnity Company ("Plaintiff") commenced the instant action against State National Insurance Company ("Defendant") seeking declaratory relief.  Presently before the Court is Defendant's motion for reconsideration of this Court's Memorandum and Order (the "M&O") dated March 31, 2025.  (Mem. and Order, ECF No. 32.)  The M&O granted in part and denied in part Plaintiff's motion for summary judgment and granted Defendant's motion for summary judgment.  Defendant seeks reconsideration of the Court's partial grant of Plaintiff's motion for summary judgment.

The Court assumes the parties' general familiarity with this litigation and incorporates by reference the facts of this case as stated in the M&O.

## DISCUSSION

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are an intervening change of controlling law, the

1

availability of new evidence, or the need to correct a clear error or prevent manifest injustice."
*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted.)

Here, Defendant seeks reconsideration of the Court's determination that it has a duty to defend Barr & Barr, Jetro, and JMDH (the "Barr parties") with respect to certain tort claims brought by Max Stewart against the Barr Parties in New York State Court (the "Underlying Action"). (Def.'s Mot. Reconsideration ("Def.'s Mot.") at 4-5, ECF No. 33-1.) In support of its motion, Defendant correctly notes that the Court erroneously recounted Defendant's argument with respect to who agreed that Defendant's insured, Construction Resources Corp. of NY ("CRC"), conducted no operations and performed no work at the project at issue in the Underlying Action, the locus of claims in Underlying Action. (*Id.*; *see also* Mem. and Order at 8.) That is, the Court erroneously stated that Defendant argued that Plaintiff and Defendant agreed that CRC did not perform operations or work at the premises at issue in the Underlying Action, when Defendant actually argued it was the Barr parties and CRC in the Underlying Action that so agreed. (Def.'s Mot. at 2-3.) Nonetheless, Defendant's argument that this mistake necessitates a ruling contrary to that rendered in the M&O with respect to Defendant's duty to defend is without merit.

As explained in the M&O, the complaint in "[a]n underlying action is 'the significant and usual touchstone for determining' an insurer's duty to defend, although its allegations are not controlling." (Mem. and Order at 6 (quoting *Axis Constr. Corp. v. Travelers Indem. Co. of Am.*, No. 2:20-CV-1125, 2021 WL 3912562, at *4 (E.D.N.Y. Sept. 1, 2021)). If the underlying complaint, liberally construed, raises a claim within the embrace of the relevant policy, "the insurer must come forward to defend no matter how groundless, false or baseless the suit may

be." (*Id.* (quoting *Axis Constr. Corp.*, 2021 WL 3912562, at *4 (internal quotations omitted) (quoting *Ruder & Finn Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d 663, 669-70 (1981).) Further, "[a]ny doubt as to whether the allegations [in the underlying action] state a claim within the coverage of the policy must be resolved in favor of the insured and against the [insurer]." (*Id.* at 7 (quoting *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 141 (2d Cir. 2014).)

Against this backdrop, the Court held that Defendant's duty to defend in the Underlying Action was triggered by the Barr parties' third-party complaint squarely placing CRC, Defendant's insured, within the ambit of liability for the injuries complained of in the Underlying Action. (Mem. and Order at 8.) And, Defendant's instant motion fails to persuade the Court that its mistake necessitates a different conclusion. Indeed, Defendant takes no issue with the Court's finding in the M&O that "the Barr parties' third-party complaint in the Underlying Action alleges that CRC's operations proximately caused the injury for which Stewart seeks relief." (*Id.*; *see* Def.'s Mot.) Nor could it. The third-party complaint alleges that CRC "constructed, owned, operated, maintained, directed and/or controlled the objects, materials, work, and/or instrumentalities allegedly involved in the . . . alleged accident." (Third-Party Compl. ¶ 20, ECF No. 23-6.) It further states that CRC's "negligence, carelessness, [and] recklessness . . . caused . . . or contributed to the injuries alleged" in the Underlying Action. (*Id.* ¶ 57.) As such, whether it was the instant parties or the Barr parties and CRC that agreed that CRC performed no operations or work at the project at issue in the Underlying Action is of no moment. "It is hornbook law that '[e]ven where there exist extrinsic facts suggesting that the claim [in the underlying action] may ultimately prove meritless or outside the policy's coverage, the insurer cannot avoid its commitment to provide a defense.'" *Travelers Indem. Co. of Connecticut v. Selective Fire & Cas. Ins. Co.*, 664 F. Supp. 3d 427, 435 (S.D.N.Y. 2023)

(quoting *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 66 (1991)).  In other words, "New York cases establish that so long as the claims asserted against the insured may rationally be said to fall within policy coverage, whatever may later prove to be the limits of the insurer's responsibility to pay, there is no doubt that it is obligated to defend."[1]  *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 620 (2d Cir. 2001) (alterations accepted) (emphasis and internal quotations omitted) (quoting *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 310-311 (1984).

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2026

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

---

[1] For the same reason, Defendant's reference to the court in the Underlying Action ultimately dismissing the claims asserted therein against CRC is equally of no moment.  *See id.*

4